**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| PATRYNA L. McQUEEN<br><br>                    Plaintiff,<br><br>vs.<br><br>NYE COUNTY SHERIFF'S OFFICE, STATE OF NEVADA, *et al.*,<br><br>                    Defendant. | 2:15–cv–00905–APG–VCF<br><br>**<u>ORDER AND<br>REPORT & RECOMMENDATION</u>** |

Before the court is Plaintiff Patryna L. McQueen's Motion to Proceed *in Forma Pauperis*, Complaint, and *Ex Parte* Motion for Appointment of Counsel. For the reasons stated below, McQueen's Motion to Proceed *in Forma Pauperis* is granted, her Complaint is dismissed in part and survives the court's review in part, and her *Ex Parte* Motion for Appointment of Counsel is denied with leave to renew.

**BACKGROUND**

This matter involves *pro se* Plaintiff Patryna McQueen's section 1983 action against Nye County Sheriff's Office, the State of Nevada, and Sheriff Anthony L. Demeo, Sergeant D. Thomassian, Detective Scott, Detective M. Eisenloffel, and ten John Doe Defendants in their official capacities for violations of McQueen's constitutional rights. McQueen alleges four causes of actions: (1) unlawful search and seizure of her residence and property under the Fourth Amendment; (2) denial of medical

1

care under the First and Eighth Amendments; (3) invasion of privacy under the Fourth Amendment; and (4) harassment under the First Amendment. The circumstances surrounding each claim are discussed below.

First, Plaintiff alleges that on May 20, 2013, Nye County Sheriff, Sergeant Thomassian, applied for a "No Knock" search warrant for the residence of Irvin McQueen located at 2281 North Morales Lane, Unit C, Pahrump, NV. (Compl. (#1-2) at 8:9-13). However, no unit number was listed on the search warrant and Plaintiff's home, located at 2281 North Morales Lane, Unit A, was searched instead. (*Id*. at 8:22-23). Plaintiff alleges that Sergeant Thomassian failed to provide and locate the exact address of Irvin McQueen, who was the subject of the investigation and Plaintiff's separated husband. This resulted in Plaintiff's home being unlawfully searched. During the search, her safe box was allegedly destroyed. (*Id*. at 9:6-8).

Next, Plaintiff alleges that she was denied medical care during the May 20, 2013 search. (*Id*. at 10:12-15). Prior to the search, she had suffered cardiac conciliation and currently has a health condition causing chest pain and shortness of breath for which she takes medication. (*Id*. at 10:20-24). Chest pain and shortness of breath were triggered by the search. Emergency services called to the scene determined Plaintiff showed signs of a pre-heart attack and recommended she be taken to the hospital for treatment. (*Id*. at 10:25-28; 11:1-5). Plaintiff alleges that an officer, John Doe #1, did not allow her to go to the hospital and that her request to see a doctor during the two days that she was detained at the Sheriff's Office were also denied, thereby, leading her to self-medicate and vomit. (*Id*. at 11:10-11, 17-28, 12:1-2).

Third, Plaintiff alleges invasion of privacy during a second and a third search, which took place on May 29, 2013 and March 11, 2015. (*Id*. at 13:8-14; 14:10-15). On May 29, 2013, Detective Scott of

2

Nye County Sheriff's Office allegedly sought a warrant and was accompanied by eight John Doe defendants to search and seize stolen property from Plaintiff's residence. No stolen property was located. (*Id*. at 14:1-9). On March 11, 2015, Detective Eisenloffel of the Nye County Sheriff's Office sought another warrant and seized personal computers. (*Id*. at 14:11-17). Plaintiff alleges that although no criminal activity was detected, the items that were seized have not been returned. (*Id*. at 14:23-25).

Finally, Plaintiff alleges that she was a victim of illegal searches and seizures during the three named dates and was wrongfully arrested and charged. (*Id*. at 15: 16-26). She alleges that although the charges were dismissed, she was and continues to be a victim of harassment by the Nye County Sherriff's Office. (*Id*. at 15: 26-28). Plaintiff alleges that as a result of the harassment her health has declined, she has been fired from her job, has been denied employment opportunity, has increased her medication, and has had to receive government assistance.

## DISCUSSION

McQueen's filings present three questions: (1) whether McQueen may proceed *in forma pauperis* under 28 U.S.C. § 1915(e); (2) whether McQueen's complaint states a plausible claim for the unlawful search and seizure, denied access to medical care, invasion of privacy, and harassment; and, (3) whether McQueen's claim presents "exceptional circumstances" justifying appointment of counsel. Each is discussed below.

### I.     **McQueen may Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without repayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person in unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under

3

28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g., Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

Here, Plaintiff asserts in her application to proceed *in forma pauperis* that she is unemployed, has no money in a bank account, and receives food stamps and Social Security benefits. McQueen's application to proceed *in forma pauperis* is, therefore, granted.

**II.     Whether McQueen's Complaint is Frivolous, Malicious, or Fails to State a Plausible Claim**

Because the court grants McQueen's application to proceed *in forma pauperis*, it must review McQueen's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of McQueen's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Hughes v. Rowe*, 449 U.S. 5 (1980).

*A.     Legal Standards*

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550

4

U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)).

However, where a *pro se* litigant is involved, courts are directed to hold the litigant to "less stringent standards." *See Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244–45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

5

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### B. *Claims in McQueen's Complaint that are dismissed*

The court finds that the majority of McQueen's complaint fails to state a plausible claim for relief. The court divides its discussion of McQueen's complaint into the following categories: (1) claims that fail as matter of law; and (2) claims and allegations that survive the court's review.

1. <u>Claims that Fail as a Matter of Law</u>

The court finds that the following claims fail as a matter of law: (i) all claims for damages against the state of Nevada; (ii) all claims against Nye County Sherriff's Office; and (iii) all claims against all Defendants in their official capacity. This court may consider only claims for injunctive relief against Defendants in their official capacity and punitive and monetary damages against Defendants in their personal capacity.

### i. *All claims against Nevada are dismissed with prejudice*

McQueen's section 1983 claims against the state of Nevada are dismissed with prejudice. To state a claim under section 1983, a complaint must allege: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a "person" (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

States, however, are not "persons" for purposes of section 1983. S*ee Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l Lab*., 131 F.3d 836, 839 (9th Cir. 1997); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc). Indeed, section 1983 claims against states are legally "frivolous."

*See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The court, therefore, recommends dismissing all claims against Nevada with prejudice and without leave to amend. *See Cato*, 70 F.3d at 1106.

> ii.   *All damages claims against Nye County Sheriff's Office are dismissed with prejudice*

As discussed above, to state a claim under section 1983, a complaint must allege a violation of rights protected by the Constitution caused by a "person." *Crumpton*, 947 F.2d at 1420. A governmental agency that is an arm of the state is not a person for purposes of section 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 1977); *Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc); *cf. Durning v. Citibank, N.A.*, 950 F.2d 1419, 1423 (9th Cir. 1991) (explaining that agencies that are arms of the state are entitled to the same immunity from suit as the state because "the state is the real, substantial party in interest" (citation omitted)).

Here, the Nye County Sheriff's Office lacks the capacity to be sued. State law determines a governmental entity's capacity to be sued in federal court. Fed. R. Civ. P. 17(b); *Streit v. Cnty. of Los Angeles,* 236 F.3d 552, 565 (9th Cir. 2001). Under Nevada law, "[i]n the absence of statutory authorization, a department of the municipal government may not, in the departmental name, sue or be sued." *Wayment v. Holmes,* 912 P.2d 816, 819 (Nev.1996) (internal quotation marks and citation omitted). Although N.R.S. § 41.031 authorizes suit against "any political subdivision of the State," that authorization does not extend to departments of a municipal government. *See Scheinder v. Elko Cnty. Sheriff's Dep't,* 17 F. Supp. 2d 1162, 1165 (D. Nev. 1998) ("A Nevada county falls within this definition, but not a sheriff's department."). Thus, because the Nye County Sheriff's Office is merely a department of Nye County, it lacks the capacity to be sued and will be dismissed from this action with prejudice.

7

*Parish v. Nye Cnty. Sheriff's Office*, No. 10-cv-522, 2012 WL 13768 at *2 (D. Nev. Jan. 4, 2012) (Hicks, DJ).

> iii.   All damages claims against "official-capacity" defendants are dismissed with prejudice

As discussed above, to state a claim under section 1983, a complaint must allege a violation of rights protected by the Constitution caused by a "person." *Crumpton*, 947 F.2d at 1420. State officials sued in their official capacity for damages are not persons for purposes of section 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n. 24 (1997); *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Here, McQueen is suing Sheriff Anthony L. Demeo, Sergeant D. Thomassian, Detective Scott, Detective M. Eisenloffel, and ten John Doe Defendants in their official capacities for violations of her constitutional rights. The court, therefore, recommends dismissing all Defendants in their official capacity.

However, the court grants Plaintiff leave to amend her complaint and allege violations against individuals who are "persons" under Section 1983. Section 1983 permits a plaintiff to sue defendants in their official-capacities for injunctive relief. *See Will*, 491 U.S. at 71 n.10; *Flint*, 488 F.3d at 825; *Doe*, 131 F.3d at 839; *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 962 F.2d 1366, 1371 (9th Cir. 1992) (holding that state officials sued in their official capacity for injunctive relief are "persons" for purposes of section 1983). Similarly, Section 1983 permits a plaintiff to sue defendants in their personal capacity for damages. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003); *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir. 1992) (holding that state officials sued in their personal capacity are persons for purposes of section 1983).

2. <u>Plaintiff's Remaining Claims and Allegations Survive the Court's Review</u>

The court finds that the following claims and allegations survive the court's review: (i) unlawful search and seizure; (ii) invasion of privacy; (iii) harassment; and (iv) denial of medical care.

*i.     Unlawful Search and Seizure*

The factual allegations of McQueen's unlawful search and seizure claim survive the court's review. As discussed above, the Supreme Court's decisions in *Iqbal* and *Twombly* require complaints to contain, *inter alia*, "sufficient factual matter, accepted as true." *Iqbal*, 556 U.S. at 678. A complaint's legal conclusions, however, are no substitute for "sufficient factual" matter because they are not accepted as true. *See id*. ("[T]he tenant that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. . . [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.")

Here, McQueen pled: (1) "Mr. D Thomassian was acting under the 'Color of Law' by seeking a 'No Knock Warrant' based upon the information of an informant;" (2) "No unit number was listed even though several units are found on the property of 2281 North Morales, which belong to several individuals;" (3) "due to the defendant not investigating the information of the informant, the Plaintiff's residence became the 'target' of this No Knock Warrant;" (4) "By the failure of Sgt. Thomassian to provide and locate the exact address of Irvin McQueen, the Plaintiff's residence became the target of the Nye County Sheriff's Office search for evidence of so called 'criminal activity'." (Comp1. (#1-2) at 8:9-13, 22-23; 9:6-8).

These factual allegations are largely conclusory; however, *pro se* plaintiffs must be held to "less stringent standards." *Hughes*, 449 U.S. at 10 n. 7. The court, therefore, finds that these allegations may proceed.

### ii.     *Invasion of Privacy*

The factual allegations of McQueen's invasion of privacy survive the court's review. As discussed above, the Supreme Court's decisions in *Iqbal* and *Twombly* require complaints to contain, *inter alia*, "sufficient factual matter, accepted as true." *Iqbal*, 556 U.S. at 678. A complaint's legal conclusions, however, are no substitute for "sufficient factual" matter because they are not accepted as true. *See id*. ("[T]he tenant that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. . . [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.")

Here, McQueen pled: (1) The focus of this search was to obtain the stolen property that was located at 'another's' residence and not on the property or in the residence of the Plaintiff, yet Dect. Scott used this to 'seek out' or 'explore' the Plaintiffs residence for harassment reasons;" (2) "No just cause or probable cause was used to obtain this warrant;" (3) "No evidence of criminal activity will be found, not has been found by the Nye County Sherriff's office upon the computers of the Plaintiff's children. Yet no return of the Plaintiff's property has been issued." (Compl. (#1-2) at 13:15-22; 14:20-25).

These factual allegations are largely conclusory; however *pro se* plaintiffs must be held to "less stringent standards." *Hughes*, 449 U.S. at 10 n. 7. The court, therefore, finds that these allegations may proceed.

10

### *iii.* *Harassment*

The factual allegations of McQueen's harassment claim survive the court's review. As discussed above, the Supreme Court's decisions in *Iqbal* and *Twombly* require complaints to contain, *inter alia*, "sufficient factual matter, accepted as true." *Iqbal*, 556 U.S. at 678. A complaint's legal conclusions, however, are no substitute for "sufficient factual" matter because they are not accepted as true. *See id.* ("[T]he tenant that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. . . [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.")

Here, McQueen pled: Criminal charges against Plaintiff filed on May 20, 2013 were dismissed, "yet the Plaintiff suffered and still suffers from the harassment and conduct of the Nye County Sheriff's office." (Compl. (#1-2) at 15:26-28). McQueen continues to list results of the alleged harassment but fails to state what conduct constituted harassment and how it constituted harassment.

These factual allegations are largely conclusory; however *pro se* plaintiffs must be held to "less stringent standards." *Hughes*, 449 U.S. at 10 n. 7. The court, therefore, finds that these allegations may proceed.

### *iv.* *Denial of Medical Care*

The following claim survives the court's review: denied access to medical care under the First and Eight Amendments. "Denial of medical attention to prisoners constitutes an [E]ighth [A]mendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoners." *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Delay of, or interference with, medical treatment can also amount to deliberate indifference. *See Jett*, 439 F.3d at 1096; *Clement*, 298 F.3d at 905; *Hallett*, 296 F.3d at 744; *Lopez*, 203 F.3d at 1131; *Jackson*, 90 F.3d at 332; *McGuckin*, 974 F.2d at 1059; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury. *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060.

Here, McQueen alleges that she has a preexisting condition that requires her to take medication. Her condition is triggered by stressful situations and was triggered by the search and seizure conducted by Nye County Sheriff's Office. Emergency personnel were called to the scene and recommended that McQueen seek medical attention. This recommendation and McQueen's pleas to seek medical attention were denied by officers. McQueen continued to request medical attention over the next two days while she was detained at the Nye County Sherriff's Office Detention Center, where no medical staff is employed. Her requests were denied. This led McQueen to take more of her pills and get ill from doing so.

### III.   McQueen's Action does not Present "Exceptional Circumstances"

McQueen's filings present a final question: whether or not she will be appointed counsel. The court's analysis begins with the governing law.

There is no constitutional right to appointed counsel in a federal civil rights action brought under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *op. reinstated in pertinent part*, 154 F.3d 952, 954 n. 1 (9th Cir. 1998) (en banc). Under 28 U.S.C. § 1915(e)(1), the district court may request that an attorney represent an indigent civil litigant. *See, e.g.*, *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent

any person unable to afford counsel."). While the decision to request counsel is a matter that lies within the discretion of the district court, the court may exercise this discretion to request or "appoint" counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.*

McQueen's motion is denied with leave to renew. Two facts militate strongly in favor of denying McQueen's motion at this time. First, the court cannot determine at this time whether McQueen will succeed on the merits because her complaint must be amended. Second, McQueen's filings are lucid, well written, and sufficiently knowledgeable in order to proceed without the assistance of counsel. McQueen is directed to amend her complaint and renew her motion for appointment of counsel after the court has reviewed the amended complaint.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff Patryna McQueen's application to proceed *in forma pauperis* is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff Patryna McQueen is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that *ex parte* motion for appointment of counsel is DENIED with leave to renew.

IT IS FURTHER RECOMMENDED that Nevada be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that Nye County Sheriff's Office be DISMISSED with prejudice.

IT IS FURTHER RECOMMENED that all claims against all Defendants for damages in their official capacity be DISMISSED with leave to amend.

IT IS FURTHER RECOMMENED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 5th day of June, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

14