UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PATRYNA L. MCQUEEN,<br><br>Plaintiff,<br><br>v.<br><br>NYE COUNTY SHERIFF'S OFFICE, *et al.*,<br><br>Defendants. | Case No. 2:15-CV-00905-APG-VCF<br><br>**ORDER (1) ACCEPTING AND MODIFYING REPORT AND RECOMMENDATION AND (2) REFERRING CASE TO THE PRO BONO PROGRAM**<br><br>(Dkt. #3) |

On June 5, 2015, Magistrate Judge Ferenbach granted pro se plaintiff Patryna McQueen's motion to proceed in forma pauperis and screened the complaint. (Dkt. #3.) He also denied without prejudice her request to be appointed counsel. Judge Ferenbach recommended that McQueen's claims against the State of Nevada and the Nye County Sheriff's Office be dismissed with prejudice. Judge Ferenbach also recommended that McQueen's claims for money damages against the defendants in their official capacities be dismissed with prejudice, but with leave to amend to add claims for injunctive relief against the defendants in their official capacities. Finally, Judge Ferenbach denied without prejudice McQueen's request to appoint counsel because it was unclear at this early stage of the case whether McQueen's case had merit and McQueen thus far has been able to articulate her claims.

I accept and modify Judge Ferenbach's Report & Recommendations as set forth more fully below. I also refer this matter to the court's Pro Bono Program to see if a lawyer is willing to represent McQueen.

**A. Screening the Complaint**

<u>1. Claims that do not survive screening</u>

I conducted a *de novo* review of the issues set forth in the Report & Recommendation. 28 U.S.C. § 636(b)(1). Judge Ferenbach's Report & Recommendation sets forth the proper legal

analysis and factual basis for the decision to dismiss with prejudice some of McQueen's claims. McQueen's claims against the State of Nevada and the Nye County Sheriff's Office are dismissed with prejudice for the reasons stated by Judge Ferenbach. Additionally, McQueen's claims for money damages against defendants Anthony Demeo, D. Thomassian, Detective Scott, and M. Eiserloffel in their official capacities are dismissed with prejudice for the reasons stated by Judge Ferenbach.

Count four of McQueen's complaint alleges that she has been the subject of harassment from the Nye County Sheriff's Office and was arrested and charged with crimes that later were dismissed. (*Id.* at 15-16.) McQueen alleges that due to this harassment she lost her job, her health declined, and her reputation has been damaged. (*Id.*) McQueen asserts this claim arises under the First Amendment. (Id.)

Although I must construe McQueen's pro se complaint liberally, these allegations are too vague and conclusory to survive screening. It is unclear what constitutional violation she is alleging and she does not name any particular defendant who has been harassing her. Count four therefore is dismissed without prejudice as to defendants Anthony Demeo, D. Thomassian, Detective Scott, and M. Eiserloffel in their individual capacities.

However, McQueen has leave to amend her complaint to add claims for injunctive relief against these defendants in their official capacities if she has a basis to do so. Additionally, she has leave to amend count four of her complaint to sufficiently allege factual allegations supporting her claim and to identify which defendants she is asserting this claim against. If McQueen chooses to amend the complaint, she is informed that the Court cannot refer to a prior pleading (i.e., her original complaint) in order to make the amended complaint complete. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), and Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be

sufficiently alleged. Because, as discussed below, some of McQueen's claims survive screening, she need not file an amended complaint if she intends to proceed on only the surviving claims.

### 2. Claims that survive screening

#### a. Count One - unreasonable search and seizure

Count one alleges that defendant Thomassian conducted an unreasonable search of McQueen's residence when he failed to identify in the search warrant which specific unit at the subject property was subject to search. (Dkt. #1-2 at 8.) McQueen and her husband, from whom she was separated, lived in separate units at the same address. (*Id.*) The warrant was supposed to be for her husband's unit, but instead the search was conducted in McQueen's unit. (*Id.*)

Liberally construing the complaint's allegations, this count states a claim against Thomassian. There are no factual allegations that any of the other named defendants participated in the allegedly faulty warrant or in the search of the unit. Accordingly, count one survives only as to defendant Thomassian in his individual capacity.[1]

#### b. Count Two - deliberate indifference to medical needs

In count two, McQueen alleges that during the search of her unit, she experienced chest pains. (*Id.* at 10.) Emergency personnel determined she was suffering from signs of a "pre-heart attack" and requested to take her to the hospital. (*Id.* at 11.) A Nye County sheriff officer refused to let her leave the scene. (*Id.*) McQueen identifies this officer as a John Doe, but she suspects this person was Officer Corey. Corey is not named as a defendant in this action.

McQueen then was taken to the detention center where her requests to see a doctor were ignored for two days until she was released. (*Id.* at 11-12.) McQueen alleges the lack of medical care resulted from a policy of not employing medical staff at the detention center in Nye County. (*Id.*) McQueen alleges that, as sheriff, defendant Demeo is responsible for the medical needs of detainees in the detention center. (*Id.*)

---

[1] Although McQueen states she is suing the named defendants in their official capacities, she requests monetary relief. I therefore liberally construe her pro se complaint to assert claims against the named defendants in their individual capacities.

Liberally construing the complaint's allegations, this count states a claim against Demeo. There are no factual allegations as to any other named defendant in relation to this count. Accordingly, count two survives only as to defendant Demeo in his individual capacity.

### c. Count Three - unreasonable search and seizure

Count three alleges that defendant Scott obtained a search warrant to search for stolen property at McQueen's residence. (*Id.* at 13.) According to the complaint, Scott had no probable cause to support the warrant and he sought it to harass McQueen. (*Id.*) No stolen property was located in McQueen's unit. (*Id.*) McQueen alleges defendant Eiserloffel later applied for another search warrant to search her residence. (*Id.* at 14.) During this search, Eiserloffel seized computers from her home. (*Id.*) According to the complaint, there is no evidence of criminal activity, but McQueen's property has not been returned. (*Id.*)

Liberally construing the complaint's allegations, this count states a claim against Scott and Eiserloffel. There are no factual allegations as to any other named defendant in relation to this count. Accordingly, count three survives only as to defendants Scott and Eiserloffel in their individual capacities.

McQueen's claims for money damages against defendants Anthony Demeo, D. Thomassian, Scott, and M. Eiserloffel in their individual capacities survive screening as set forth above. Accordingly, I will direct the clerk of court to file the complaint and to issue summonses for these defendants.

### B. Motion to Appoint Counsel

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Whether to appoint counsel lies within the court's discretion. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist to support appointing counsel, the Court evaluates "the likelihood of the plaintiff's success on the merits" and "the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Judge Ferenbach denied without prejudice McQueen's motion for appointment of counsel because she failed to show exceptional circumstances warranting appointed counsel. (Dkt. #3.) His decision to deny appointment of counsel without prejudice was neither clearly erroneous nor contrary to law. 28 U.S.C. § 636(b)(1)(A). Judge Ferenbach identified and applied the correct legal standard. McQueen has stated claims that survive screening, but it is difficult to determine the merits of those claims at this early stage of the proceedings. Up to this early point, McQueen has demonstrated an ability to articulate her claims, and the legal issues are not complex. However, I will refer the case to the Pilot Pro Bono Program to see if there is an attorney willing to be appointed as McQueen's counsel. This is not a guarantee of appointment of counsel, nor is it a ruling that McQueen is entitled to counsel. I am referring the matter to the Pilot Pro Bono Program solely as a courtesy to McQueen.

### C. Conclusion

IT IS THEREFORE ORDERED that the Magistrate Judge's report and recommendation (Dkt. #3) is accepted and modified as set forth in this order.

IT IS FURTHER ORDERED that plaintiff Patryna L. McQueen's claims against defendants State of Nevada and Nye County Sheriff's Office are DISMISSED with prejudice.

IT IS FURTHER ORDERED that plaintiff Patryna L. McQueen's claims against defendants Anthony L. Demeo, D. Thomassian, Detective Scott, and Detective M. Eiserloffel for money damages in their official capacities are dismissed with prejudice.

IT IS FURTHER ORDERED that count four of the complaint is dismissed without prejudice as to defendants Anthony L. Demeo, D. Thomassian, Detective Scott, and Detective M. Eiserloffel for money damages in their individual capacities.

IT IS FURTHER ORDERED that the following claims against defendants Anthony L. Demeo, D. Thomassian, Detective Scott, and Detective M. Eiserloffel for money damages in their individual capacities may proceed:

    1. Count one as to defendant D. Thomassian;

    2. Count two as to defendant Anthony L. Demeo;

      3. Count three as to defendants Detective Scott and Detective M. Eiserloffel.

IT IS FURTHER ORDERED that Patryna L. McQueen may file an amended complaint as discussed above, if she has a basis to do so, within 30 days of entry of this Order. If she does not file an amended complaint, this case will proceed on the surviving claims discussed above.

IT IS FURTHER ORDERED that the clerk of the court shall file the complaint and shall issue Summons to defendants Anthony L. Demeo, D. Thomassian, Detective Scott, and Detective M. Eiserloffel in their individual capacities, and deliver the same to the U.S. Marshal for service. Plaintiff McQueen shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.[2] Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, McQueen must file a notice with the court identifying whether each defendant was served. If McQueen wishes to have service again attempted on an unserved defendant, she must file a motion with the court identifying the unserved defendant and specifying either (1) a more detailed name and/or address for that defendant or (2) whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

IT IS FURTHER ORDERED that, from this point forward, McQueen shall serve upon the defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. For any document McQueen submits for filing, she shall include a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the clerk, and any paper received by a District Judge, Magistrate Judge, or the clerk which fails to include a certificate of service.

IT IS FURTHER ORDERED that this case is referred to the Pilot Pro Bono Program ("Program") adopted in General Order 2014-01 for the purpose of screening for financial

---

[2] Available on the internet at: http://www.usmarshals.gov/process/usm-285.pdf.

eligibility (if necessary) and identifying counsel willing to be appointed as pro bono counsel for plaintiff Patryna L. McQueen. The scope of appointment shall be for all purposes through the conclusion of trial. By referring this case to the Program, the court is not expressing an opinion as to the merits of the case.

IT IS FURTHER ORDERED that the Clerk shall also forward this order to the Pro Bono Liaison.

DATED this 10th day of August, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE